23-6558
Chen v. Bondi

BIA
Navarro, IJ
A209 773 536

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of January, two thousand twenty-six.

PRESENT:
> SUSAN L. CARNEY,
> MICHAEL H. PARK,
> MARIA ARAÚJO KAHN,
>     *Circuit Judges.*

_____

YONG CHEN,
>     *Petitioner,*

>     v.                                                    **23-6558**
>                                                           **NAC**

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
>     *Respondent.*

_____

FOR PETITIONER:          Yong Chen, pro se, Alhambra, CA.

FOR RESPONDENT:      Brian Boynton, Principal Deputy Assistant Attorney General; Julie M. Iversen, Senior Litigation Counsel; Robert Michael Stalzer, Trial Attorney; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yong Chen, a native and citizen of the People's Republic of China, seeks review of a May 11, 2023, decision of the BIA affirming a September 18, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yong Chen*, No. A209 773 536 (B.I.A. May 11, 2023), *aff'g* No. A209 773 536 (Immig. Ct. N.Y. City Sept. 18, 2019). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's decision and the BIA's decision "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review adverse credibility determinations "under the substantial

evidence standard." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Given multiple inconsistencies in Chen's testimony, substantial evidence supports the agency's determination that he was not credible as to his claim of arrest and

3

abuse for practicing Christianity in China. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully.").

First, Chen was inconsistent about whether he was baptized in China. He testified that he was baptized in China on Easter 2016, but at his asylum interview, he said he was never baptized because "when [he] became part of the church, the minister said at that place there is no place to take this kind of ceremony." Certified Admin. R. at 156. Chen attempts to explain away this inconsistency by saying that he believed the asylum officer was asking if he had been baptized in the United States, denying that he made the second statement in his asylum interview, and suggesting that the interpreter might not have been clear. But given the lack of evidence of difficulty with the interpreter, the agency was not required to credit these explanations. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)). Likewise, Chen's explanation that he was nervous at both the interview and hearing is not

4

so persuasive "that a reasonable fact-finder would be *compelled* to credit his testimony," and the inconsistency is "material" to his claim as it goes to the credibility of his practice of Christianity. *See id.* at 80–81; *see also Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009) ("reject[ing] the notion that a petitioner's claim that she was nervous and distracted . . . automatically undermines or negates [an interview record's] reliability as a source of her statements").

Second, an inconsistency between Chen's statements and his mother's letter calls Chen's account of the alleged arrest into question. Chen testified twice that the police called his mother on the date of his arrest, June 5, 2016, to inform her of the arrest, but his mother's letter reports that she learned of his arrest when the police called her on June 12, 2016. When confronted with this inconsistency, Chen confirmed that he was arrested on June 5 and agreed with his mother's statement that she was not informed until a week later. Chen explained that he was nervous when he said the police called her on June 5, and that he did not know when his mother was notified because he was incarcerated at the time. But the agency was not required to accept this explanation, especially because he initially confirmed the allegedly mistaken date when questioned by the attorney for the Department of Homeland Security. *See Majidi*, 430 F.3d at 80.

5

Third, additional inconsistencies provide further support for the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167 (holding that the agency may rely on the "cumulative effect" of inconsistencies and omissions that are, taken separately, "collateral or ancillary" to an applicant's claim in reaching an adverse credibility determination). Chen testified that about thirty people were arrested with him during the police raid, but, at his interview, he said it was twenty people. He testified that, after his arrest, he was required to report to the neighborhood committee on the twelfth of every month, but at the interview he stated he reported at the end of each month. And he testified that he attended a church "10 to 15 minutes away by moped" from his home in China; however, at his interview, he said it was a four-to-five-minute drive.

Finally, the lack of reliable corroboration bolsters the adverse credibility determination. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). Although Chen provided documents to corroborate a fine, medical treatment, and reporting requirements after the alleged arrest, the agency noted that he lacked other

6

corroboration that should be readily available, such as letters from his pastors, the friend who introduced him to Christianity, or any other church members that he knew. The agency did not err in concluding that the evidence neither rehabilitated his testimony nor otherwise independently established his claim. *See Likai Gao*, 968 F.3d 149 (holding that an "IJ acted within her discretion in according . . . little weight [to affidavits] because the declarants (particularly [petitioner's] wife) were interested parties and neither was available for cross-examination"); *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."); *Wei Sun v. Sessions*, 883 F.3d 23, 31 (2d Cir. 2018) (explaining that applicant bears burden of "introducing . . . evidence without prompting from the IJ" (quotation marks omitted)).

Substantial evidence supports the adverse credibility determination given the multiple inconsistencies and lack of corroboration of Chen's past and ongoing religious practice. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Likai Gao*, 968 F.3d at 145 n.8; *Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief

because all three forms of relief rely on the same discredited factual predicate. *See Hong Fei Gao*, 891 F.3d at 76.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court